UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA A. SCOTT,

    Plaintiff,

vs.                                       Case No.  3:08-cv-228-J-32MCR

FLORIDA DEPARTMENT OF EDUCATION
THE DIVISION OF VOCATIONAL
REHABILITATION

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's Motion for Amended Complaint (Doc. 8) filed April 22, 2008.  On March 4, 2008, Plaintiff filed a Complaint (Doc. 1) in which she attempted to allege a violation of the ADA.  On April 3, 2008, Plaintiff filed an Affidavit of Indigency (Doc. 6), which this Court construed as a motion for leave to proceed in forma pauperis.  On April 16, 2008, this Court entered an Order taking Plaintiff's motion for leave to proceed in forma pauperis under advisement and requiring Plaintiff to file an amended affidavit of indigency, specifically detailing her income from her previous employment and how she affords to live.  (Doc. 7).  This Court also held Plaintiff's Complaint was deficient because she failed to adequately state a claim for a violation of the ADA.  Although Plaintiff failed to set

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

forth the particular statute under which she attempted to assert a claim, the Court assumed Plaintiff was attempting to assert a claim under Title II of the ADA, 42 U.S.C. §12132, but determined she had not set forth enough facts to do so. The Court granted Plaintiff an opportunity to amend both her Complaint and affidavit of indigency.

On April 22, 2008, Plaintiff filed a Motion for Amended Complaint (Doc. 8), which the Court will treat as Plaintiff's Amended Complaint.[2] Unfortunately, Plaintiff again fails to state a claim for relief under the ADA.

When an application to proceed in forma pauperis is filed, the Court is obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief. In her Amended Complaint, Plaintiff attempts to allege ADA violations pursuant to Title III of the ADA, 42 U.S.C. § 12182, and the Miscellaneous Provision entitled Illegal Use of Drugs, 42 U.S.C. § 12210. Plaintiff argues she is disabled due to lower back injuries and that her civil rights have been violated. She states that the Florida Department of Education, the Division of Vocational Rehabilitation ("FDE") excluded her from participating in its

---

[2] Plaintiff, however, failed to file an amended affidavit of indigency, stating that the Court did not provide her with an affidavit. Despite the absence of an amended affidavit, the Court will proceed under the presumption that Plaintiff is indigent and recommends this matter be dismissed without prejudice to Plaintiff filing a paid complaint because Plaintiff's Amended Complaint again fails to state a claim for relief under the ADA.

programs and failed to provide her services that are provided to individuals with physical handicaps.

This Court has given Plaintiff two chances to plead a claim upon which relief may be granted; nonetheless, Plaintiff again fails to state a viable claim under the ADA.  In her initial Complaint, Plaintiff alleged she had jurisdiction pursuant to the Americans with Disabilities Act ("ADA") of 1990 and the Florida Confidentiality Law. After determining there was seemingly no basis for diversity jurisdiction in this case, this Court undertook an analysis of whether Plaintiff was able to successfully state an ADA claim – the only federal claim plead in this matter.

The Court noted that the ADA was enacted in 1990 to address discrimination against persons with disabilities,  42 U.S.C. §12101(b)(1), and that Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability, or excluding a qualified individual from participation in, or denying the individual benefits of, any of the entity's services, programs, or activities.  42 U.S.C. §12132.  It further noted that under Title II, a "public entity" is defined as a state or local government, the departments, agencies, special-purpose districts, and other instrumentalities of state and local governments.  42 U.S.C.A. §12131(1). Moreover, a  "qualified individual with a handicap" is defined as an individual with a disability who, with or without reasonable modifications to rules, policies and practices, or removal of barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or for

participation in programs or activities provided by a public entity.  42 U.S.C.A. §12131(2).

Next, the Court explained In order to state a Title II ADA claim, 42 U.S.C. §12132, an individual must show: (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or was denied the benefits of services, programs, or activities, or was otherwise discriminated against by a public entity; and (3) that such discrimination was the result of Plaintiff's disability.  Bircoll, 480 F.3d at 1083.  Plaintiff failed to allege any facts demonstrating that she is a qualified individual with a disability who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the FDE .  Plaintiff also failed to state any facts supporting her allegation that she was denied access to FDE programs and services because of her disability.  Thus, the Court held Plaintiff's conclusory allegations were insufficient to state a claim under the ADA, but provided her an opportunity to amend her complaint.

In her Amended Complaint, Plaintiff again attempts to assert ADA violations, albeit  under Title III of the ADA, 42 U.S.C. §12182(a)(I), and under the Miscellaneous Provision §12210 of the ADA entitled Illegal Use of Drugs.  Plaintiff, however, has again failed to state a claim under either of these sections.

Title III of the ADA prohibits discrimination against individuals with disabilities by any person who owns, leases, or operates any public accommodation.  42 U.S.C. §12182.  To state a claim under Title III, Plaintiff must

allege that (1) she is an individual with a disability; (2) defendant is a place of public accommodation; and (3) defendant denied her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant; (4) on the basis of her disability.  Schiavo v. Schiavo, 403 F.3d 1289, 1299 (11th Cir. 1289).

Plaintiff fails to adequately allege three out of the four requisite elements set forth above in her Amended Complaint.  She offers no facts to support her allegation that she is a disabled individual under the ADA.  "Under the ADA, a disability is '(A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such impairment; or (c) being regarded as having such impairment." Joubert v. City of Jacksonville, No. 3:06-cv-480J33TEM, 2007 WL 496618 (M.D. Fla. Feb. 12 2007) (quoting Albright v. Columbia County Bd. Of Educ., 135 Fed. Appx. 344, 345 (11th Cir. 2005) and 42 U.S.C. §12102(2)).  In order to properly allege a disability under this statute, Plaintiff must set forth enough facts to support an inference that Plaintiff has a disability under the ADA; she must plead more than mere conclusory allegations.  Joubert, 2007 WL at *2.  Here, Plaintiff's only allegations concerning her disability is that she is disabled due to lower back injuries.  This conclusory allegation does not suffice to support the assertion that Plaintiff is disabled.  Id.

Plaintiff also fails to allege that the FDE is a place of public accommodation, nor can she because the statute makes it clear that a public accommodation must be owned, operated, or leased by a private entity.  42 U.S.C. §§ 12181 & 12182.  This definition of public accommodation excludes public entities, such as the FDE –

an agency of the State of Florida, from the definition of public accommodations. See 42 U.S.C. §§ 12181 & 12182; Bloom v. Bexar County, TX, 130 F.3d 722, 726-27 (5th Cir. 1997) ("Title III defines 'public accommodations' as certain 'private entities,' and includes a list of the types of private entities included within that definition . . . ."). Thus, Plaintiff cannot possibly assert a Title III discrimination claim against FDE.

Finally, there is an additional reason Plaintiff fails to state a Title III claim. Specifically, she fails to allege that she was discriminated against because of her disability. See Schiavo, 403 F.3d at 1294 (finding plaintiffs failed to show that she was discriminated against on the basis of her disability). Plaintiff merely states she was excluded from participating in the FDE's programs and from its services; significantly, however, she makes no allegations as to why she was excluded and fails to state that it was based on her disability.

Plaintiff Amended Complaint is also devoid of any allegations which support her claim for a violation of the Miscellaneous Provision, section 12210 of the ADA. This section relates to the illegal use of drugs and excludes individuals who are currently using drugs from the definition of disability. 42 U.S.C. §12210. Additionally, it clarifies that nothing in section 12210 excludes individuals who are currently participating in or have completed rehabilitation from the definition of disability. Id. Notably, this section does not create a separate cause of action and none of Plaintiff's allegations in her Amended Complaint relate to this section.

Finally, because Plaintiff has failed to allege a federal cause of action, the Court need not analyze her claim for a violation of the Florida Confidentiality Law.[3]

Plaintiff's Amended Complaint fails to state a cause of action and fails to provide the Court with a basis to exercise its jurisdiction.  Therefore, it is respectfully recommended that Plaintiff's Amended Complaint (Doc. 8) be dismissed without prejudice to Plaintiff's filing a paid complaint.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Motion for an Amended Complaint (Doc. 8), which this Court treats as an Amended Complaint, be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  9th  day of May, 2008.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Timothy J. Corrigan
United States District Judge

Pro Se Plaintiff

---

[3] Additionally, Plaintiff fails to assert any facts whatsoever related to this allegation and fails to set forth the particular statute or law which substantiates this claim.